FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TESSA R.[1], <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 4:21-CV-05149-SAB <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 11, 12. The motions were heard without oral argument. Plaintiff is represented by Chad L. Hatfield; Defendant is represented by Lars J. Nelson and Brian M. Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Disability Income Benefits under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment, ECF No. 11, and grants Defendant's Motion for Summary Judgment, ECF No. 12.

## I.  Jurisdiction

On October 17, 2018, Plaintiff filed an application for disability income benefits, as well as supplemental security income. Plaintiff's application was denied initially and on reconsideration. On March 9, 2021, Plaintiff appeared and testified by telephone before ALJ Mark Kim, with the assistance of her counsel, Chad Hatfield. Thomas Weiford, vocational expert, also participated. At the hearing, Plaintiff amended her alleged onset date to August 8, 2018, and requested a closed period of disability from August 8, 2018 to March 1, 2020. The ALJ issued a decision on March 23, 2021, finding Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on September 13, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on November 17, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.  Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 25 years old. She has longstanding PTSD issues from being sexually abused by family members as a child. She has her GED. She was working prior to August 8, 2018, but she quit because of her depression. A relationship had ended. COVID hit. She was pregnant and became homeless. Her panic attacks increased. She testified that she was unable to care for herself at least six out of seven days a week. She was unable to access treatment, in part, because of COVID, and she was not taking any medication.

She has two children. Her oldest son, who was six at the time of the hearing, has autism and lives with his father in California.

Plaintiff has past relevant work as a sales clerk, telephone sales, and store laborer. She returned to full time work on March 1, 2020.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 15-25. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2024. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 8, 2018, the amended alleged onset date. AR 17.

At step two, the ALJ identified the following severe impairments: major depressive disorder; generalized anxiety disorder; and posttraumatic stress disorder (PTSD). AR 18. The ALJ found that Plaintiff had non-severe impairments of obesity and ADHD. AR 18. The ALJ rejected Plaintiff's claims that she has back pain, skin rash, chest pains, leg pain and memory problems because there were no clinical findings in the record to establish these diagnoses. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 180. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> A full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple, routine tasks with a reasoning level of 2 or less; work with only occasional job-related decision-making and only occasional and simple changes; and work involving no interaction with the public and only occasional superficial interaction with coworkers not involving tandem tasks.

AR 20.

At step four, the ALJ found that Plaintiff was not able to perform any past relevant work. AR 23.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, such as laundry worker, industrial cleaner, and janitor. AR 24.

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

**VI. Issues for Review**

    1.   Whether the ALJ properly evaluated the medical opinion evidence?

    2.   Whether the ALJ properly evaluated Plaintiff's symptom testimony?

    3.   Whether the ALJ properly evaluated Plaintiff's mother's written testimony?

    4.   Whether the ALJ properly conducted an adequate analysis at Step Five?

**VII.  Discussion**

    **1. The ALJ's evaluation of the medical opinion evidence**

Plaintiff asserts the ALJ erred in evaluating the opinion of Dr. Bruce Eather, PhD.

For claims filed on or after March 27, 2017,[2] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017); *see Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ  considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the

---

[2] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability and consistency are further explained in the regulations:

> (1) *Supportability.*
>
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.*
>
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

Dr. Eather was one of several DDS psychological medical consultant. They opined that Plaintiff would have intermittent disruptions of attention and concentration due to interference from her psychological symptoms, but not so much as to preclude productive activity in a competitive employment situation.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

They recommended she would work best away from the demands of the general public and on tasks that do not require a high level of cooperation with others.

The ALJ found the DDS psychological medical consultants to be somewhat persuasive because they supported their opinions and the opinions were consistent with the longitudinal record and Plaintiff's mental health. However, the ALJ included slightly greater limitations in the RFC by restricting Plaintiff to "simple, routine tasks with a reasoning level of 2 or less; work with only occasional job-related decision-making and only occasional and simple changes and work involving no interaction with the public and only occasional superficial interaction with coworkers not involving tandem tasks."

Plaintiff asserts the ALJ erred by not quantifying Dr. Eather's opinion that Plaintiff will have intermittent disruptions of attention and concentration and not challenging Dr. Eather's assessment of what level of unproductivity is allowed in the competitive employment.

The ALJ was not required to quantify what Dr. Easter meant when he said intermittent disruptions of attention and concentration. The ALJ adequately incorporated Plaintiff's limitations in her RFC, including accommodating the intermittent disruptions of attention and concentration. The ALJ's evaluation of the medical opinions is supported by substantial evidence in the record.

### 2. The ALJ's evaluation of Plaintiff's symptom testimony

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin* 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ discounted Plaintiff's symptom testimony due to inconsistencies in the record. The ALJ noted that the medical evidence during the requested close

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

period was not consistent with her allegations. Specifically, the ALJ noted that there were only routine and periodic counseling, with no psychiatric hospitalizations or ER psych visits. Plaintiff took no mental health medications during this time. The ALJ also noted that Plaintiff is currently able to work full-time and attend college despite no improvements in her condition. The ALJ also noted that the available medical opinions uniformly did not support a finding of disability and relied on the unremarkable objective medical evidence, Plaintiff's course of treatment and pattern of reports to providers, and her high-functioning activities of daily living that were contrary to her claims that she was unable to work during this time. These are specific, clear, and convincing reason for discounting Plaintiff's symptom testimony.

Plaintiff argues the ALJ failed to consider that her homelessness and poverty caused her to not seek treatment. However, the ALJ did consider Plaintiff's living situation. Notably, the ALJ noted that most of Plaintiff's visits to providers focused on situational stressors, including family dynamics, living arrangement, pregnancy complications, custody issues with her children, and financial stressors, rather than her mental health conditions. The ALJ also noted that Plaintiff was able to seek treatment multiple times for pregnancy-related complications, despite being homeless. The ALJ's credibility determination regarding Plaintiff's allegations of disabling mental health impairments is supported by substantial evidence in the record.

### 3. Plaintiff's Mother's Testimony

Plaintiff argues the ALJ erred by failing to provide germane reasons for discounting her mother's written statement. The ALJ did not err in discounting Plaintiff's mother's statement. The ALJ found that the statement conflicted with the objective medical evidence.

//

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

### 4. Step Five Analysis

An RFC "is the most [one] can still do despite [their] limitations" and it is "based on all the relevant evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20 C.F.R. § 416.945(a)(1); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."). In making the RFC determination, the ALJ considers those limitations for which there is record support that does not depend on properly rejected evidence and subjective complaints. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004). A reviewing court "will affirm the ALJ's determination of [a claimant's] RFC if the ALJ applied the proper legal standard and their decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff argue the ALJ should have indicated in her RFC that she would be off-task 15 percent of the day, which would preclude work. The ALJ did not err in failing to do so simply because there is no medical opinion providing that she would be off task this amount of time. The ALJ's RFC determination is supported by substantial evidence in the record.

//
//
//
//
//
//
//
//
//
//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

## VIII. Conclusion

Here, the ALJ's determination that Plaintiff was not disabled for the period in question is well supported by substantial evidence in the record.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

3. The decision of the Commissioner is **affirmed**.

4. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 26th day of September 2022.



Stanley A. Bastian
Chief United States District Judge